# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Alfred Centofanti,<br><br>    Petitioner,<br><br>v.<br><br>D.W. Neven, et al.,<br><br>    Respondents. | Case No.: 2:13-cv-1080-JAD-PAL<br><br>**Order** |

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court are petitioner's motion to stay proceedings (Doc. 3), motion for leave to file excess pages (Doc. 5), motion for leave to file supplemental exhibits (Doc. 28), and motions for the appointment of counsel (Docs. 4 & 6).

    Petitioner initiated this action by filing a federal habeas petition. Petitioner submitted a 228-page petition, containing many claims and sub-claims, as well as exhibits. (Docs. 1, 1-1, 1-2, 1-3, 1-4, 1-5). Submitted with the petition is a motion for leave to file a petition with pages in excess of that provided by Local Rule 7-2. (Doc. 5). Good cause appearing, petitioner's motion is granted.

Petitioner has filed a motion for leave to submit supplemental exhibits in support of his motions for counsel and his motion for stay. (Doc. 28). Good cause appearing, the motion is granted.

Petitioner has filed two motions seeking the appointment of counsel. (Docs. 4 & 6). 18 U.S.C. § 3006(a)(2)(B) gives the district court discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Centofanti challenges his conviction of first degree murder, for which he was sentenced to two consecutive terms of life without the possibility of parole. The petition submitted in this action includes many claims, the contents of which suggest that it may be a relatively complex petition, both legally and factually. Further, the Court finds that petitioner would have difficulty litigating this habeas corpus action without the assistance of counsel. The Court grants petitioner's motions for the appointment of counsel.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be provisionally appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will

2

represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

Petitioner has also filed a motion to stay this federal habeas corpus proceeding so that he may return to state court to exhaust claims. (Doc. 3). Due to the deficiencies in petitioner's *pro se* motion, the motion for a stay is denied without prejudice to renewing the motion with the assistance of counsel. *See Rhines v. Weber*, 544 U.S. 269 (2005) (the Supreme Court placed limitations upon the discretion of federal courts to facilitate habeas petitioners' return to state court to exhaust claims).

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file a petition with excess pages (Doc. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for a stay of proceedings (Doc. 3) is **DENIED WITHOUT PREJUDICE** to renewing the motion, if he so chooses, with the assistance of counsel.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file supplemental exhibits (Doc. 28) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motions for the appointment of counsel (Docs. 4 & 6) are **GRANTED**. The Federal Public Defender is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus and all of its attachments (Docs. 1, 1-1, 1-2, 1-3, 1-4, 1-5). The FPD shall have **thirty (30) days** from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** a copy of this order to the CJA Coordinator.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition or other pleadings.

Dated this 28th day of March, 2014.

_____
Jennifer A. Dorsey
United States District Judge