# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALFRED PAUL CENTOFANTI, III,

     Petitioner,

vs.

DWIGHT W. NEVEN,

     Respondents.

Case No. 2:13-cv-01080-JAD-PAL

**ORDER**

     This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, filed by a Nevada state prisoner.  This matter comes before the Court on petitioner's motion for a stay and abeyance (Doc. 34) and petitioner's motion to suspend the briefing schedule (Doc. 38).

     By order filed March 28, 2014, this Court appointed the Federal Public Defender to represent petitioner in this action.  (Doc. 31).  A scheduling order was filed on April 29, 2014, setting deadlines for petitioner's counsel to file an amended petition and respondents to answer the same.  (Doc. 33).

     Petitioner, acting through appointed counsel, has filed a motion for a stay of these federal proceedings until his second state habeas petition is resolved.  (Doc. 34).  Petitioner has also filed a motion to suspend briefing, specifically, the filing of an amended petition, pending this Court's decision on the motion for a stay.  (Doc. 38).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

In the instant case, petitioner's federal petition contains both exhausted and unexhausted claims.  Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it.  Specifically, petitioner's attorney who litigated his first post-conviction habeas petition in state court, attorney Carmine Colucci, was the same attorney who represented petitioner at sentencing.  This could well have prevented petitioner from raising certain claims in his first state habeas proceeding, specifically, claims of ineffective assistance of counsel. Petitioner's second post-conviction habeas petition, in Case No. 01C172534, is currently pending in the Eighth Judicial District Court for the State of Nevada.  (Doc. 35, Exhibit 1, Court Minutes, Case

1   No. 01C172534).  The state district court has appointed counsel to represent petitioner on his

2   second post-conviction state habeas petition.  (*Id.*).  Counsel for petitioner has filed a supplemental

3   petition in state court.  (Doc. 35, Exhibit 2, Supplement to Petition, Case No. 01C172534).  The

4   state district court has set an evidentiary hearing on petitioner's second post-conviction habeas

5   petition, presently scheduled for August 7, 2014.  (Doc. 39, Minutes of June 11, 2014 hearing, Case

6   No. 01C172534).  Because the state court's decision regarding petitioner's second post-conviction

7   habeas petition and supplement may have several effects on the instant case, a stay and abeyance of

8   this federal habeas corpus proceeding is appropriate.  Further, the grounds of the federal petition

9   that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of

10  the *Rhines* test.  Finally, there is no indication that petitioner engaged in dilatory litigation tactics.

11  This Court concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*.

12  Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

13      Finally, in their response to petitioner's motion for a stay and abeyance, respondents state

14  that they do not object to this Court granting petitioner a stay and abeyance on a "limited basis."

15  (Doc. 36).  To the extent that respondents purport to propose conditions on the stay and abeyance,

16  the Court rejects such proposals.  Specifically, the Court rejects respondents' request that this

17  Court's order granting the stay include "an admonishment that returning to this Court with any

18  unexhausted claims following the resolution of Centofanti's second state habeas proceedings will

19  result in Centofanti's petition being subject to dismissal with prejudice."  (Doc. 36, at p. 2).

20  However, to the extent that respondents indicate that they are not waiving procedural defenses such

21  as timeliness, exhaustion, and procedural default as to this proceeding or related proceedings filed

22  by petitioner, the Court agrees that respondents retain the right to assert such defenses in the future.

23      **IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and

24  abeyance (Doc. 34) of this federal habeas corpus proceeding is **GRANTED.**

25      **IT IS FURTHER ORDERED** that petitioner's motion to suspend briefing (Doc. 38) is

26  **GRANTED** and all scheduling deadlines set in this Court's order of April 29, 2014 (Doc. 33) are

27  **VACATED.**

28

1       **IT IS FURTHER ORDERED** that this action is **STAYED** pending the resolution of

2 petitioner's second post-conviction habeas petition (Eighth District Case No. 01C172534) and any

3 appeal therefrom.

4       **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner

5 returning to federal court with a motion to reopen the case within **forty-five (45) days** of the

6 issuance of the entry and notice of the state district court's order, or if an appeal is taken, the

7 remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the

8 second post-conviction habeas petition, whichever is later.

9       **IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE**

10 this action, until such time as the Court grants a motion to reopen the matter.

11       Dated: July 2, 2014.

12

13

14                               UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-