# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Alfred Paul Centofanti, III,

Petitioner

v.

Dwight Neven, et al.,

Respondents

Case No. 2:13-cv-01080-JAD-PAL

**Order Granting Motion to Reopen Case**

[ECF No. 58]

On July 2, 2014, I granted Petitioner Alfred Paul Centofanti, III's request for a stay and abeyance[1] under *Rhines v. Weber*, 544 U.S. 269 (2005), and administratively closed this action pending the resolution of his second state post-conviction habeas petition and any appeal therefrom.[2] Centofanti's state proceedings have concluded, so he now moves to reopen this case. Respondents have not opposed or responded to the motion, and the deadline to do so has passed.

Good cause appearing, IT IS THEREFORE ORDERED Petitioner's motion to reopen the case **[ECF No. 58] is GRANTED, the STAY IS LIFTED, and the Clerk of the Court is directed to REOPEN this case.**

IT IS FURTHER ORDERED that petitioner has until July 4, 2021, to FILE AND SERVE on respondents an amended petition for writ of habeas corpus. Respondents will have 30 days after service of an amended petition to answer or otherwise respond to the amended petition. If a dispositive motion is filed, the motion must be briefed according to Rules 7-2 and 7-3 of the Local Rules of Practice; if respondents file an answer, petitioner will have 30 days after service of the answer to file and serve a reply.

IT IS FURTHER ORDERED that any procedural defenses respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted

---

[1] ECF No. 34.

[2] ECF No. 40.

from such motion to dismiss will be subject to potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except as contemplated by 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that any state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

IT IS FURTHER ORDERED that notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: 5/5/2021