# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Alfred Paul Centofanti, | Case No.: 2:13-cv-01080-JAD-BNW |
| Petitioner | |
| v. | **Order Denying Petitioner's Motion for Reconsideration** |
| Dwight W. Neven, et al., | |
| Respondents | [ECF No. 106] |

Counseled Nevada state inmate Alfred Paul Centofanti brings this habeas corpus proceeding under 28 U.S.C. § 2254 to challenge his 2005 conviction for the first-degree murder of his ex-wife. Earlier this year, I granted the respondents' motion to dismiss grounds 2, 6, and 7 as procedurally defaulted because Centofanti failed to demonstrate cause to overcome the default.[1] He now requests that I reconsider that ruling.[2] But because Centofanti has not shown that the ruling was clearly erroneous or manifestly unjust, I deny his motion.

## Background

In their motion to dismiss, the respondents argued, *inter alia*, that Centofanti's grounds 2, 6 and 7 should be dismissed as unexhausted.[3] In ground 2, Centofanti alleged that he was denied his Sixth and Fourteenth Amendment rights to counsel of his choice when the state court disqualified his counsel based on the state's argument that counsel may be called as a witness to establish possible motive for the crime.[4] In ground 6, Centofanti alleged that the government committed misconduct when it argued that the juror who intentionally concealed her prior felony

---

[1] ECF No. 105.

[2] ECF No. 106.

[3] ECF No. 85 at 8.

[4] ECF No. 74 at 24.

conviction actually told the jury commissioner about her felony conviction and that her voting rights have been restored, but both of those statements were false.[5]  Because Centofanti did not fairly present the factual basis or legal theory of grounds 2 and 6 to the Nevada appellate courts, I found that they were unexhausted.

In ground 7, Centofanti alleges that appellate counsel rendered ineffective assistance by failing to challenge the denial of Centofanti's counsel of choice and the prosecutor's misconduct when responding to Centofanti's motion for new trial.[6]  Centofanti presented this claim to the state appellate court during his second round of postconviction litigation and argued that he couldn't it in his first round because he had the same counsel for his direct appeal and his first state habeas case, theorizing that his counsel had an insurmountable conflict of interest.[7]  The Nevada Court of Appeals found that this claim was defaulted and that the conflict didn't provide good cause to overcome his failure to raise the claims earlier because he didn't have a right to effective postconviction counsel.[8]  The state appellate court disposed of ground 7 on procedural grounds and Centofanti conceded that ground 7 is procedurally defaulted.  After determining that the claims were procedurally defaulted, I considered whether Centofanti could overcome default on grounds 2, 6, and 7.[9]

Centofanti argued that he could overcome the procedural default of grounds 2 and 6 because his appellate counsel rendered ineffective assistance, as asserted in ground 7.[10]  For

---

[5] *Id*. at 57–59.

[6] *Id*. at 60.

[7] ECF No. 101 at 26.

[8] ECF No. 97-31 at 3–4.

[9] ECF No. 105 at 8.

[10] ECF No. 101 at 19, 25.

ineffective assistance of counsel (IAC) to function as cause to excuse a procedural default, however, the IAC claim itself must be exhausted before the state courts as an independent claim, and as discussed *supra*, Centofanti's ineffective-assistance-of-appellate-counsel (IAAC) claim was also defaulted.[11]

Centofanti argued that he could overcome the default of his IAAC claim and use it as good cause for his other defaulted claims.[12]  He asserted that he could overcome the procedural default of his IAAC claim because he could only raise the IAAC claim in postconviction proceedings, but his postconviction counsel was also his appellate counsel and thus would have had to assert his own ineffectiveness, creating a serious conflict of interest.[13]  Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default.[14]  I further determined that Centofanti's argument was foreclosed by the Supreme Court in *Davila v. Davis* refusing "to extend *Martinez*[15] to allow a federal court to hear a substantial-but-procedurally-defaulted IAAC claim when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim."[16]

---

[11] ECF No. 105 at 9.

[12] *Id.*

[13] ECF No. 101 at 20.

[14] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[15] Under *Martinez v. Ryan*, 566 U.S. 1 (2012), ineffective assistance of postconviction counsel can constitute cause to excuse procedural default, but only as to claims of ineffective assistance of trial counsel.

[16] *Davila v. Davis*, 582 U.S. 521, 525 (2017).  *See* ECF No. 105 at 10.

Centofanti also relied on the Ninth Circuit's ruling in *Manning v. Foster*[17] for the proposition that cause may be demonstrated as a result of a conflict of interest when the attorney ceases to be the petitioner's agent.[18] I found that reliance unpersuasive because *Manning* concerned a situation in which trial counsel had a conflict of interest that led him to give advice that prevented the petitioner from seeking timely habeas relief.[19] In *Davila*, the Supreme Court explained that habeas courts are more concerned with trial errors than with errors on appeal—the rationale for conducting a cause-and-prejudice analysis for procedurally defaulted ineffective-assistance-of-*trial*-counsel claims doesn't extend to IAAC claims.[20] I found that Centofanti had failed to explain why *Manning*'s recognition that trial counsel's conflict of interest can create cause to overcome procedural default should be extended to his post-conviction counsel claims despite *Davila*'s foreclosure of that result.

I determined that grounds 2, 6, and 7 are procedurally defaulted and precluded from habeas review because Centofanti failed to meet his burden of demonstrating cause to excuse procedural default based on his appellate counsel's conflict of interest in representing Centofanti at his postconviction proceedings.[21]

## Discussion

A district court possesses "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[22] However, reconsideration of a prior

---

[17] *Manning v. Foster*, 224 F.3d 1129, 1134 (9th Cir. 2000).

[18] ECF No. 101 at 20.

[19] *Manning*, 224 F.3d at 1134–35.

[20] *Davila*, 582 U.S. at 525.

[21] ECF No. 105 at 10–11.

[22] *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 60.

order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."[23]  "Whether or not to grant reconsideration is committed to the sound discretion of the court."[24]  Absent highly unusual circumstances, the court should grant a motion for reconsideration only if (1) it is presented with newly discovered evidence, (2) it has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law.[25]

Centofanti argues that I erred by finding that he cannot overcome the procedural default of ground 7 based on the conflict of interest of his appellate counsel, Mr. Colucci, who also represented Centofanti in his postconviction proceedings.[26]  Centofanti contends that the Supreme Court in *Maples v. Thomas*[27] acknowledge that attorney conduct may provide cause to excuse procedural default if "as a result of a conflict of interest" the attorney ceased to be the petitioner's agent.[28]  *Maples* involved the situation in which both of the petitioner's *pro bono* postconviction attorneys left their firm and obtained new employment that disqualified them from representing the petitioner while his postconviction petition was still pending in state court. Neither attorney informed the petitioner or sought leave from the court to withdraw as counsel of record or to substitute counsel.  As a result, the petitioner was not notified when his

---

[23] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[24] *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

[25] *See Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona*, 229 F.3d at 890.

[26] ECF No. 106 at 3.

[27] *Maples v. Thomas*, 565 U.S. 266, 281 (2012) (citing *Jamison v. Lockhart*, 975 F.2d 1377, 1380 (8th Cir. 1992).

[28] ECF No. 106 at 3.

postconviction petition was denied, causing him to miss the filing deadline on appeal.[29]  The Supreme Court held that under the "extraordinary circumstances quite beyond his control[,]" the petitioner has "shown ample cause . . . to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning."[30]

Centofanti also refers to the Supreme Court's favorable citation to the Eighth Circuit's opinion in *Jamison v. Lockhart*[31] in his argument that Colucci ceased to be his agent "as a result of a conflict of interest."[32]  In *Jamison*, the petitioner argued that his procedural default of his IAC claim was caused by his trial counsel's conflict of interest.[33]  He had asked his trial counsel to file an appeal, counsel agreed but then took no steps to file it.[34]  In addition, trial counsel and two of the prosecution's primary witnesses allegedly all worked for the same employer and if trial counsel pursued a motion to suppress the petitioner's confession, trial counsel would have to attack the admissibility of two witnesses and undermine their credibility.[35]  So the Eighth Circuit panel determined that the existence of an actual conflict of interest could constitute cause to excuse the procedural default and remanded the case to the district court.[36]

Neither of these cases persuades me to reconsider my previous ruling as these cases are materially distinguishable from Centofanti's.  *Maples* applies to claims that were procedurally defaulted as a result of counsel abandoning his client.  But Colucci did not abandon Centofanti.

---

[29] *Maples*, 565 U.S. at 275–76.

[30] *Id*. at 290.

[31] *Jamison*, 975 F.2d at 1377.

[32] ECF No. 106 at 3.

[33] *Jamison*, 975 F.2d at 1379.

[34] *Id*.

[35] *Id*.

[36] *Id*. at 1379–81.

And in *Jamison*, the petitioner's trial counsel had a conflict of interest based on the allegation that *trial* counsel served as a state employee with two key witnesses and trial counsel failed to file a direct appeal despite agreeing to do so.  In fact, in *Wooten v. Norris*,[37] the Eighth Circuit declined to extend *Jamison*, noting that the *Jamison* court did not hold that a breakdown of the agency relationship between a petitioner and state postconviction counsel satisfied the cause-and-prejudice standard but that the conflict of interest on the part of *trial* counsel would be structural error and could be cause for default.  The *Wooten* petitioner was represented in his postconviction proceedings by counsel that did not disclose he was convicted of two felony counts and disbarred.[38]  He argued that he could overcome procedural default of his IAC claims because his postconviction counsel's failure to disclose his convictions and disbarment was "an external impediment that should excuse infirmities in the state court record," and his postconviction counsel "was not acting as [the petitioner's] agent."[39]  The court rejected that argument, reasoning that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility of the default be imputed to the State," and "it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor . . . ."[40]  "[W]here no right to counsel exists, an act or omission of counsel could not be considered an "objective factor external to the defense."[41]

---

[37] *Wooten v. Norris*, 578 F.3d 767, 771 (8th Cir. 2009).

[38] *Id*. at 771.

[39] *Id*. at 778.

[40] *Id*. at 782.

[41] *Id*. (quoting *Coleman*, 501 U.S. at 753).

Centofanti's reliance on the Ninth Circuit's opinion in *Moormann v. Schriro*[42] is similarly unpersuasive. He argues that the petitioner in *Moormann* was able to demonstrate cause to overcome default because counsel represented him on direct appeal and during his first postconviction petition.[43] In *Moormann*, the Ninth Circuit reasoned that the petitioner's claim that cause excuses his procedural default is grounded in allegations that his counsel was ineffective when serving as counsel on direct appeal, rather than his role as counsel in his first postconviction petition, and there is a Sixth Amendment right to counsel during a criminal defendant's appeal as of right.[44] So the Ninth Circuit found that if the petitioner's counsel was constitutionally ineffective in failing to present these claims on direct appeal, the petitioner may have demonstrated cause sufficient to overcome the procedural bar.[45] The Ninth Circuit, however, even noted that it rejected arguments related to cause "on the ground that, because there is no Sixth Amendment right to counsel in state post-conviction proceedings, there can be no independent constitutional violation as a result of post-conviction counsel's incompetence."[46]

Nonetheless, since the Ninth Circuit's ruling in *Moormann*, the Supreme Court established in *Davila* that ineffective assistance of postconviction counsel can constitute cause to excuse a procedural default, but only as to claims of ineffective assistance of trial counsel.[47] The *Davila* Court declined to extend the holding in *Martinez* to defaulted claims of ineffective assistance of appellate counsel or "attorney errors in other kinds of proceedings, including

---

[42] *Moormann v. Schriro*, 426 F.3d 1044, 1059 (9th Cir. 2005).

[43] ECF No. 106 at 7.

[44] *Moorman*, 426 F.3d at 1058–59 (citing *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 436 (1988)).

[45] *Id*. at 1059.

[46] *Id*. at 1058.

[47] *Martinez*, 566 U.S. at 1.

appeals from initial-review collateral proceedings."[48]  Centofanti's arguments for reconsideration appear to nonetheless remain foreclosed by *Davila*.

## Conclusion

Because Centofanti has failed to show that my prior decision was clearly erroneous or manifestly unjust, **IT IS ORDERED** that:

1.  Petitioner Alfred Paul Centofanti's motion for reconsideration **[ECF No. 106] is DENIED.**

2.  To the extent that it is necessary, a certificate of appealability is **DENIED.**

3.  Respondents have until **December 20, 2024**, to **FILE and SERVE** an answer addressing the remaining claims in Centofanti's first amended petition.

4.  Centofanti will have **30 days** from the date of service of the answer to **FILE AND SERVE** a reply.

_____
U.S. District Judge Jennifer A. Dorsey
October 30, 2024

---

[48] 582 U.S. at 525.