**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Alfred Paul Centofanti, III,

Petitioner

v.

Dwight W. Neven, et al.,

Respondents

Case No. 2:13-cv-01080-JAD-BNW

**Order**

- **Directing petitioner's counsel to file a notice or move to withdraw as counsel;**
- **Denying motion for copies;**
- **Granting in part and denying in part the motion for pro se litigant to file electronically; and**
- **Denying motion for an extension of time to file replies**

[ECF Nos. 151, 162, 163]

This habeas action on behalf by counseled petitioner Alfred Paul Centofanti, III, ended with a stipulated dismissal earlier this year. Centofanti has since filed numerous motions in a pro se capacity, including (1) a motion to compel the Southern Desert Correctional Center (SDCC) law library to serve Centofanti with the documents designated as ECF Nos. 138 to 146;[1] (2) a motion for extension of time to file replies to ECF Nos. 142 to 145;[2] and (3) a motion for pro se litigant to file electronically.[3] Because Centofanti is represented, I direct his counsel to inform this court whether they wish to proceed with the representation of Centofanti or withdraw as counsel. I grant in part and deny in part the motion for access to electronic case filing. And I deny the motions for copies and for extensions of time.

---

[1] ECF No. 151.

[2] ECF No. 162.

[3] ECF No. 163.

## Background

In June of 2013, Centofanti filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.[4] The following year, I appointed the Federal Public Defender to represent Centofanti.[5] In my order appointing counsel, I stated that "[c]ounsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw."[6] The petitioner's counsel has not withdrawn and the docket reflects that Centofanti remains represented by attorneys Shelly Richter and Bethany Balchunas.

After the parties filed merits briefs for the remaining grounds of the petition but before I issued an order on the merits, counsel for the parties filed a stipulation to dismiss the case under Fed. R. Civ. P. 41(a)(1)(A)(ii).[7] The stipulation included a signed Declaration of Alfred Centofanti in support of the voluntary dismissal.[8] His declaration stated that, despite his counsels' unequivocal advice against dismissing his petition, Centofanti voluntarily, knowingly, and intelligently, chose to dismiss the federal habeas case.[9] Centofanti stated that he understood this means that his attorney would not pursue federal habeas relief on his behalf, that his case would be closed, and that he would not be able to return to federal court in the future to present

[4] ECF No. 1.

[5] ECF No. 31 at 2–3.

[6] *Id.*

[7] ECF No. 135.

[8] *Id.* at 3.

[9] *Id.*

the same or further claims related to the underlying criminal case.[10] On March 9, 2026, I ordered the action dismissed with prejudice, entered judgment, and closed the case.[11]

Five months later, Centofanti filed a pro se motion to set aside the judgment[12] and motion for an evidentiary hearing.[13] Those motions, along with some, but not all, of his later filed pro se motions, are not yet ripe for ruling.[14]

## Discussion

### A. Motion for Pro Se Litigant to File Electronically

Centofanti moves for permission to file electronically, requesting (1) authorization that he may send and receive electronic case filings in this action; (2) that all future case filings be provided to him electronically; and (3) copies of the documents filed at ECF Nos. 138 to the present.[15] Centofanti has not previously been authorized to receive electronic service because he has been and still is represented by appointed counsel.[16] Because, despite Centofanti's filings, his counsel has not communicated with him or me about this matter, I order that Centofanti's counsel file a notice stating whether they intend to proceed as his counsel or move to withdraw.

The petitioner's attorneys will continue to be listed on the docket sheet until their representation of Centofanti is resolved. In the meantime, I direct the Clerk of Court to (a) add

---

[10] *Id.* at 4–5.

[11] ECF No. 136 at 2.

[12] ECF No. 139.

[13] ECF No. 138.

[14] ECF Nos. 140, 149, 150, 151, 160, 162, 163.

[15] ECF No. 163 at 4.

[16] *See* ECF No. 31 at 2–3.

"Law Library - Southern Desert CC" at sdcclawlibrary@doc.nv.gov to the docket sheet so the petitioner will receive notice of electronic filings in this case; and (b) send to the petitioner a courtesy copy of the docket sheet at sdcclawlibrary@doc.nv.gov.

Centofanti is advised that he has not been prevented from submitting documents to the SDCC law library for filing with the court.[17] All SDCC prisoner filings in all federal cases before this court, including habeas corpus cases, must be filed electronically.[18] NDOC staff must scan to PDF and transmit electronically to the court all documents presented by prisoners for filing.[19] The original documents must be returned to the prisoner.[20] All documents submitted for filing by prisoners in NDOC facilities must be emailed to the court in PDF format and in compliance with NDOC procedures.[21]

**B. Request for Copies**

Centofanti's motions to compel and for pro se litigant to file electronically seek an order requiring the SDCC law library serve him with documents designated as ECF Nos. 138 to 146.[22] An inmate has no constitutional right to free photocopying.[23] The court cannot provide free copies even to indigent plaintiffs proceeding in forma pauperis as the in forma pauperis statute[24]

---

[17] *See* United States District Court, District of Nevada, Fifth Amended General Order 2012-01 dated September 3, 2020.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] ECF Nos. 151, 163 at 4.

[23] *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

[24] 28 U.S.C. § 1915.

does not authorize the court to pay the costs for an indigent litigant's copy requests. If Centofanti wishes to receive copies of electronically filed documents from the court,[25] the cost is $0.10 per page.[26]

**C. Motion for Extension of Time**

Centofanti requests an extension of time to file replies to ECF Nos. 142 to 145.[27] The motion is denied as moot because this court's previous order already granted him until November 30, 2026, to file the replies.[28]

## Conclusion

IT IS THEREFORE ORDERED that **no later than November 18, 2026, counsel for the petitioner (Shelly Richter Esq. and Bethany Balchunas, Esq. of the Federal Public Defender) must file notice indicating they wish to proceed with the representation of the petitioner in this matter or file a motion to withdraw as counsel.**

IT IS FURTHER ORDERED that the motion to compel the Southern Desert Correctional Center law library to serve the petitioner with copies of the documents designated as ECF Nos. 138 to 146 **[ECF No. 151] is DENIED**.

IT IS FURTHER ORDERED that the motion for an extension of time to file replies to ECF Nos. 142 to 145 **[ECF No. 162] is DENIED** as moot.

IT IS FURTHER ORDERED that the petitioner's motion for pro se litigant to file

[25] ECF Nos. 151, 163 at 4.

[26] D. Nev. LR IC 1-1(i)(5); 28 U.S.C. § 1914.

[27] ECF No. 162.

[28] ECF Nos. 156, 161.

electronically **[ECF No. 163] is GRANTED IN PART AND DENIED IN PART**. The motion for copies is denied. The motion for access to electronic filing is granted.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to (a) add** "Law Library - Southern Desert CC" at sdcclawlibrary@doc.nv.gov to the docket sheet so the petitioner will receive notice of electronic filings in this case; **(b) keep** the petitioner's attorneys listed on the docket sheet until further instruction; **and (c) send** to the petitioner a courtesy copy of the docket sheet at sdcclawlibrary@doc.nv.gov.

U.S. District Judge Jennifer A. Dorsey
Dated: November 13, 2026